Your Honor, Ryan said on behalf of Mr. Aguirre-Garcia that the Court should reverse Mr. Aguirre-Garcia's sentence for violation of the terms of his supervised release because the District Court considered an improper factor when imposing the sentence. Here, the record is replete with the District Court's strongly held and often repeated view that the United States Attorney's Office should have prosecuted Mr. Aguirre-Garcia anew for illegal reentry and its frustration and at times outright contempt for that decision invaded or impeded its ability to properly sentence Mr. Aguirre-Garcia. The District Court held four separate hearings for Mr. Aguirre-Garcia's violation of his supervised release proceedings. The first hearing was short and perfunctory. It was merely a scheduling hearing. At the three subsequent and substantive hearings where the violation and the substance thereof was addressed, the District Court raised at each hearing repeatedly its strongly held view that the United States Attorney's Office should have prosecuted Mr. Aguirre-Garcia for illegal reentry and it expressed sincere, deeply held, and strong frustration with that decision. That view led the District Court to extensively cross-examine the court-appointed psychologist that testified. It led it to impose a sentence that is higher than what the party strongly recommended and frankly what Mr. Aguirre-Garcia deserved in light of his severe and significant mental health difficulties. What relief are you seeking here? Is your client already out? No, Your Honor. He's about to be out. This Thursday, I believe, he's scheduled to be released from custody and we're seeking, I think, a simple and straightforward remedy in this case, which is reversal and remand for resentencing. This is a straightforward, supervised release sentencing. It's not a Mr. Aguirre-Garcia. What needs to be done is the guidelines need to be calculated by the District Court, which is something that did not happen here, and then they just... May I interrupt you for just a second? Sure. Am I in error in reading the record to show that both the defendant and the government agreed that 24 months was the appropriate sentence? Correct, but the government and Mr. Aguirre-Garcia requested only 12 of that be consecutive to what he had served, and that was really the substantive sentencing dispute. Had he received the 12 months concurrent instead of all 24 being consecutive, he would have been out of custody long ago. Well, whether to run the sentence consecutive or not, or concurrent, is it within the discretion of the sentencing judge, correct? It certainly is within the discretion of the sentencing. So, what is the error that was the result of the non-computation of the 24 months if the parties agreed that 24 months was the correct computation? Well, I think that the error is really... The error is he's not running it concurrently rather than consecutively. I view the error more broadly, and I think that the court needs to, again, reaffirm that the district court must calculate the sentencing guidelines. The Supreme Court in Gall, this court in Block 9, haven't at all... And the error, even constitutional error, has to be prejudicial to be reversible. Certainly. What's the prejudice here if everybody agrees the computation was correct at 24? What wasn't, to your liking, and I understand that, was that he ran it consecutively rather than concurrently, which was within his discretion, but that is not a reversible error, is it? It is a reversible error when the district court repeatedly considers an improper factor, which is the U.S. Attorney's Office failure to prosecute anew, fails to calculate the sentencing guidelines, and then opposes a wholly consecutive sentence when the parties jointly had recommended the only partially consecutive sentence. Can't the federal judge note that this man should have been deported and wasn't? Certainly, the judge can note that, of course. There's a line, Your Honor, and drawing the line clearly, it's difficult, it's context dependent. I think a fair and complete reading of the record here shows that the district court far exceeded its, I think, just mere commentary, as the court is saying in its questioning. And as far as addressing the third prong of the Plain Air Review, which is that there's a fair probability that it affected Mr. Aguirre-Garcia's substantial rights, here there is a fair probability that it did because he could have received a lower sentence. The parties, in fact, jointly recommended a substantially reduced sentence, and it's clear from a complete reading of the record that the district court was deeply frustrated by the failure to prosecute Mr. Aguirre-Garcia anew. And simply, the district court didn't simply just mention this once, perhaps twice, and then return to the matter at hand. It referenced it repeatedly and often throughout all three substantive hearings before the district court on this record. That's plain air, and the court should remand for resentencing, and Mr. Aguirre-Garcia can receive a new sentence for his violation of the terms of his supervised release. The district court can correctly calculate the guidelines and excise this factor of this improper sentencing factor when impartially imposing sentence. I'm thinking about something Brother Seiler said a moment ago. He'll be out on Thursday. That's right. Do we have to send him back for resentencing? He'll be out? There is an additional year of supervised release that was imposed as part of that. Okay. The supervised release has to be reconsidered? Correct. And it starts running on Thursday, I believe, the date of his release. How long is that for? One year, Your Honor. Well, if you get what you want and have to have another hearing, then the judge might impose the same thing, right? Certainly. There is a possibility that the same sentence is imposed, but all we need to show to obtain remand is a fair probability that Mr. Aguirre-Garcia did. Judge Gould, if I can interject. Yes, Your Honor. I always thought the law was that if we were to vacate and remand for resentencing, that the district court would be free to impose even a higher sentence, if that's what the district court wanted to do. That's generally the case, Your Honor. Although, in this instance, I believe the district court imposed the highest sentence possible under the statute. So, as a matter of law, a longer sentence could not be imposed. Does it make sense, though, if he's got one year of supervised release starting on Thursday, and we go your way and reverse and remand for resentencing, and he comes up for resentencing, say, in a month from now, right? Right. And then the judge imposes another supervised release for a year. He's going to be spending more time in a supervised release than he would if we do nothing. I don't necessarily agree with that calculation, but I think the broader point, Your Honor, is that the court should reverse, and the district court needs to get it right. You're talking about principle rather than the person. Well, I think it would be better for Mr. Aguirre-Garcia because I'm confident that we'll be able to get a lower sentence on remand. Lower sentence on supervised release? Correct. Okay. I mean, is that the result of some negotiations you've had with the Department of Justice? No, Your Honor. I think it's just a fair reflection of the record. I think that the record and the testimony from the court-appointed psychologist was truly mitigating for Mr. Aguirre-Garcia. And something that I think would reflect favorably upon him in resentencing. And with that, Your Honor, I would reserve the rest of my time for rebuttal in case it was necessary. Thank you. Mr. Luce. May it please the court. Brandon Luce on behalf of the United States. One thing the parties do agree on is that this is not a complicated affair. The court should do exactly what it did in Castaneda, Carver, Tolbert, and Jones when it affirmed the district court's guideline calculations on nearly identical facts. In all of those cases, the district court applied the correct guideline range for a supervised release violation. And there was no plain error, even though the court did not formally recite factors like the criminal history category or the grade of the violation. In each of those supervised release proceedings, the court's awareness of the correct guideline range was sufficient based on things such as probation's petition advising the court of the correct guideline range, the court and or the parties discussing the correct guideline range. And as the court pointed out here today, there being no dispute as to the correct guideline range. Yet all of those factors are present. Page 166 of the record, probation's petition, tells the court the violation grades, the unspewed guideline range, the criminal history category, and probation's 24-month recommendation, which was actually consecutive. And counsel referred quite a bit to the parties' joint recommendation, but there's certainly no requirement that the district court follow the parties' joint recommendation. Mr. Liz, let me ask you this. If we go with Mr. Stitt and reverse and remand for resentencing, would you stipulate that you will not ask for a longer supervised release than would be in effect if he were released on Thursday? I would have to consider that outside of here. I'm not prepared to do so today. You don't have that authority? I do not have that authority. Okay. That's correct. If it's just affirmed, why, it would still be in effect, right, the one year? I mean, if we denied the appeal. Yes, Your Honor, that's correct. And that's what we're asking for here today. And I think that the rest of the record is quite clear that the district court was well aware of what the appropriate guideline range was and properly calculated it. The district court expressly stated, page 109 and 110 of the record, Mr. Aguirre-Garcia faces a 24-month sanction. Probation verbally confirmed that. The court also recited the party's recommendation and probation's recommendation, which were all uniform in the 24-month guideline sentence. Perhaps most telling here is the party's discussion of the guideline range at sentencing. The government, page 93, advised that the parties recommended the guideline sentence, which is 24 months. But did you also represent that the sentence should run consecutive and not concurrent? That's correct, Your Honor. It was a joint. It should run again 12 months. It was a joint recommendation. That's correct. But certainly the district court has essentially unfettered discretion as to the sentencing. Well, doesn't it sound like the district court said, well, if the Department of Justice won't deport this man, I'm going to make sure that he gets the maximum sentence? I don't think so. And that gets into what I understand to be the argument of sort of a separation of powers issue. And the court here should reject Mr. Aguirre-Garcia's contention that the district court's disagreement with the government's decision not to charge the illegal reentry somehow infringed upon the executive function. Wilkerson, which we cited quite a bit in our brief, is very clear that judicial displeasure with the government's charging decisions doesn't invade the province of the government. And in that case, it's particularly clear because the defendant had carried a gun during a bank robbery, and the district court was highly critical of the prosecutor's choice not to charge use or carrying of a firearm. The court's stark criticism there went beyond what we see here in this case and actually prompted the government to file a superseding indictment charging that very gun offense. Yet this court still held that the judge in that case had remained within the bounds of the judiciary for a couple of reasons. First, it expressly recognized that the charging decisions were within the government's purview, and this court found that there was no coercion into actually bringing that additional gun charge. And that's the same case here. The district court repeatedly expressed its understanding that despite its disagreement with the illegal reentry charge not being brought, that was fully within the purview of the government's authority. And certainly the district court did not coerce the government into bringing a separate charge. Here there was no separate charge brought, and I think the record is especially clear about this. Page 82, the court explained, the government gets the charging prerogative under our system. Page 117, the government's exercise of prosecutorial discretion is neither here nor there. And the court was very clear, explicitly clear, that it was not going to hold this against Mr. Aguirre-Garcia. Page 82, I wouldn't hold it against Mr. Aguirre-Garcia. Page 138, the government's choice won't affect my thinking. So again, this is here on plain error review, and certainly at minimum, defense has not put forth any authority that would be able to carry its burden. And to the extent that the argument is suggesting that there's some other form of impermissible judicial bias, Wilkerson tells us that the district court's commentary here didn't even approach that threshold. In Wilkerson, this court rejected a similar judicial bias argument where the district court had called the government's charging decisions absurd and asinine and went so far as to actually instruct the prosecutor to go report that to the head of his criminal division. Comments such as, if I think the prosecutor is doing an abysmal job, I do believe I'm able to comment on it. You're doggone right. I'm not backing off. I only wish the government had enough sense to charge appropriately. Here, the district court's commentary falls well short of that threshold. And again, that commentary itself was held by this court not to be judicially biased. So again, we're here on plain error review, and the most closely analogous authority supports the government's position here, and certainly Mr. Aguirre-Garcia has not put forth any authority that could carry his plain error burden. I'd also like to touch a bit on Mr. Aguirre-Garcia's argument that- Isn't it plain error not to calculate according to the guidelines? Well, our position is that the district judge did calculate appropriately, and- He didn't do the calculation. He just jumped to 24 months because everybody agreed on it. Well, he certainly did not announce the criminal history category. He certainly did not announce the grade of the violations. But this court's clear in Castaneda, Carver, Tolbert, and Jones that that is not plain error. This just wasn't a sentencing that had some complex calculation. The guideline prescribed a single number, a single guideline sentence of 24 months. And by imposing that 24-month sentence, the district court simply decided to apply the guideline. The judge applied it in accordance with the sentencing guidelines. The sentence came out within the guidelines range, right? It didn't go up or it didn't go below. It was literally the guideline sentence. There was no range, so to speak. The guideline dictated that it was a 24-month sentence. While it was a 30- to 37-month range, which probation pointed out, it was reduced to 24 months under the guidelines because of the statutory maximum. Briefly, I would like to at least address Dr. Bankston's testimony. Certainly, the witness examination was fully within the discretion of the district judge. Mr. Aguirre-Garcia's argument that the district judge somehow impermissibly added to or distorted the record is based upon the flawed premise that the federal rules of evidence applied sentencing. Because they don't, this court's inquiry should start and stop right there. But even if the court went further to address it, the facts in the law are extremely clear that this was permissible. For example, in Christensen, this court considered uncorroborated, unsworn, and untested victim statements that were discussed at sentencing. This court found that that was not plainly erroneous because it explained that a court's inquiry at sentencing is broad in scope and largely unlimited as to the type and source of information considered. And likewise, by statute, there's no limitation on the information concerning background, character, and conduct that can be considered by the court. And I would just suggest that all of this makes sense. It offers district judges the proper incentives to collect all of the information necessary to discharge perhaps one of their most important duties, to fetch in the appropriate sentence for every case that they've seen. And the last thing I would point out is just that for the first time in Mr. Aguirre-Garcia's reply brief, he argues that the district court erred by focusing the sentence on the basis of punishment. First of all, that argument is waived and the court shouldn't even consider it because it was not brought up in the opening brief. But second of all, I would just note that the argument, even if this court consider it, is fundamentally flawed. The district judge was exceedingly clear that he was not focused on punishment and that deterrence and public safety were paramount. I would point the court to page 71 of the record where the district judge expressly stated, the objectives here are primarily those two, protecting the public and deterring him, but not punishing him as the state court might have wanted to do in whatever sentence it imposed. Thank you. I think your time is up. Thank you. And if I may just make one more comment, I would say the defense counsel's response was, I don't disagree with that at all. So with that, we would request that the court affirm Mr. Aguirre-Garcia's sentence in this case. Mr. Liss? Mr. Stitt, report. Yes, Your Honor, just briefly. I agree with Mr. Liss, certainly that one of the district court's most important functions is to impose a sentence on an individual like Mr. Aguirre-Garcia, and that's part of why I think it's so important that the court get it right. The district court, in its record, does make the comments that Mr. Liss mentioned to the court about saying that punishment or the government's failure to prosecute anew for illegal entry is neither here nor there. It says it won't hold it against Mr. Aguirre-Garcia. But those statements in isolation are belied by the totality of the record, which is replete with the district court over and over and over again returning to this improper issue. For example, page 115 and 116 of the record, at length it says, I don't understand what the U.S. Attorney's Office is doing by not prosecuting him. It's akin to, quote, oh, shame on you. We're not going to charge you again for being here in the United States. I don't get it. I don't get it. But, you know, that's the other background that needs to be considered. Then the court goes on. After taking Mr. Aguirre-Garcia's admission to the allegations, it again returns to its frustration by new charges not being granted. At every turn, the district court went back to this improper principle. I think, if I very well may, to conclude, typically, and the Supreme Court has told us, that the guidelines are the lodestar of the sentencing hearing and that the district court must return to the guidelines and properly calculate them before imposing sentence. Here, what we see, in the absence of the guidelines being calculated, that the district court's lodestar in this case was this improper factor. It's frustration with new charges not being filed, and that's what it gravitated towards at every hearing. That's why this sentencing hearing or hearings were improper, and that's why this court must reverse, even on plain air. Thank you, Mr. Stewart. Thank you. So that's this case. The United States v. Donato Aguirre-Garcia is not submitted.
judges: Siler, GOULD, BEA